UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-cv-20759-MGC

WINDY LUCIUS,

    Plaintiff,

v.

RENT-A-CENTER EAST, INC.,

    Defendant.

_____/

### JOINT STIPULATION FOR DISMISSAL OF ENTIRE ACTION WITH PREJUDICE PURSUANT TO F.R.C.P. 41(a)(1)(A)(ii)

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff Windy Lucius and Defendant Rent-A-Center East, Inc. (collectively, the "Parties"), hereby stipulate and jointly request that this Court enter a dismissal with prejudice of Plaintiff's Complaint in the above-entitled action, in its entirety, with the Court to retain jurisdiction over the Parties and the action until April 30, 2021, for the sole purpose of enforcement of the Parties' obligations under Section 2(C) of the Parties' Confidential Settlement Agreement and Release of Claims, which states:

> Rent-A-Center shall, within twelve (12) months of the Effective Date ("the Remediation Period"), use good faith efforts to cause those portions of the App or Apps that are covered by Title III of the ADA to be in a condition or state that allows individuals with disabilities within the meaning of the ADA to gain the same information with an ease of use substantially equivalent to that of a non-disabled person using the App(s) ("**ADA Compliant**") ("**Remediation**"). The Parties agree that being in substantial conformance with WCAG 2.0 Level AA or WCAG 2.1 shall constitute "ADA Compliant," but that substantial conformance with WCAG 2.0, Level AA or WCAG 2.1 is neither the test for ADA Compliance nor the sole method of achieving ADA

Compliance. The Parties further agree that, notwithstanding anything contained in this provision or in this Agreement, the App(s) shall be permitted to link to websites owned or operated by others containing Third-Party Content (as defined below) that may not be accessible to individuals with disabilities. (The term "**Third-Party Content**" refers to web content that is not developed, owned, or operated by Rent-A-Center.) The Parties further agree that ADA Compliant shall include substantial conformance with any standard later established or recognized by the United States Supreme Court, any U.S. Circuit Court of Appeals or the U.S. Department of Justice. However, if a judicial, legislative or regulatory body enacts any legislation or rule, or if the United States Supreme Court or a U.S. Circuit Court of Appeals renders a decision, pursuant to which the App(s) is/are not considered a place of public accommodation or business establishment under the Disability Laws, it is understood that Rent-A-Center will be relieved of the obligations set forth in this Section 2(C). If Rent-A-Center's ability to meet the deadline for compliance with this Section 2(C) is delayed by third-party vendors, acts of God, force majeure or other reasons that are outside of Rent-A-Center's control, the deadline shall be extended for the length of the delay.

Each party shall bear his or its own fees, costs, and attorneys' expenses. The effectiveness of this stipulation is conditioned on the Court's entry of an order retaining jurisdiction. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012).

Dated: May 21, 2020

| | |
|---|---|
| J. COURTNEY CUNNINGHAM, PLLC<br>8950 SW 74th Court<br>Suite 2201<br>Miami, Florida 33156<br>Telephone: 305.351.2014<br>Facsimile: 561.491.9459<br><br>*s/ J. Courtney Cunningham*<br>J. Courtney Cunningham, Esq.<br>Florida Bar No. 628166<br>cc@cunninghampllc.com<br><br>*Counsel for Plaintiff* | OGLETREE, DEAKINS, NASH,<br>SMOAK & STEWART, P.C.<br>Two Datran Center<br>9130 S. Dadeland Boulevard<br>Suite 1625<br>Miami, Florida 33156<br>Telephone: 305.374.0506<br>Facsimile: 305.374.0456<br><br>*/s/ Paul De Boe*<br>Paul J. De Boe<br>Florida Bar No. 52051<br>paul.deboe@ogletreedeakins.com<br><br>*Counsel for Defendant* |

36851419.3